57



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
LaGrange, Texas

Dear Sir:

Opinion No. O-2012
Re: Is it a violation of the Stock
Law (Article 1570, Vernon's Annotat-
ed Criminal Statutes of the State of
Texas) to stake out livestock on
public property or upon private pro-
perty without the consent of the
owner thereof?

We are in receipt of your letter asking for an opinion on the above stated question.

The Stock Law referred to is Article 1570 of Vernon's Annotated Criminal Statutes of the State of Texas and reads as follows:

"Whoever shall knowingly permit any horses, mules, jacks, jennets, and cattle to run at large in any territory in this State where the provisions of the laws of this State have been adopted prohibiting any of such animals from running at large shall be fined not less than five nor more than two hundred dollars."

Of course, before this particular regulatory act can be in effect in any community it must have been properly voted upon and passed by a majority of the citizens of such community.

The important point for analysis in this opinion is the exact definition of the phrase "running at large". As a general rule words will be given their usual and ordinary meaning. "Running at large" has been defined as "strolling without restraint or confinement," or "wandering, roving or rambling at will unrestrained." See 39 Tex. Jur. 369.

Honorable John C. Marburger, page 2

In 1 R.C.L., page 1149, the following statement in regard to degree of care necessary under such Stock Statute is stated as follows:

"The charge or care sufficient to take a case without a prohibitory statute does not always imply direct physical power to control the action of the animal."

It is apparent then that any method of control or restraint that would prohibit the animal from wandering, strolling, or roving would be sufficient. We believe that the intention of the legislature in enacting this statute, was to protect the public at large from damage done by livestock not under control of its owner. This act was passed in an effort to protect the unfenced property of the private citizen. A cow staked in a vacant lot would at least be under the physical control of the chain or rope to which it was tied. An animal properly staked could not stroll or wander aimlessly about and do damage to unfenced property. Thus applying the ordinary meaning given to the phrase "running at large" and following the apparent intention of the legislature, we must answer your question in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Frederik B. Isely
Assistant

FBI:AW

APPROVED APR 17, 1940

_____
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN